UNITED PHOSPHORUS,
LTD., Plaintiff,

v.

MIDLAND FUMIGANT,
INC., Defendant.

United Phosphorus, Ltd.,
et al., Plaintiffs,

v.

Midland Fumigant, Inc.,
et al., Defendants.

Civil Action Nos. 91–2133–
GTV, 95–2267–GTV.

United States District Court,
D. Kansas.

Nov. 30, 2000.

Floyd R. Finch, Jr., Shelley A. Runion, Blackwell Sanders Peper Martin LLP, for Plaintiffs.

John C. Tillotson, Tillotson, Nelson, Wiley & Brzon, Leavenworth, KS, D.A.N. Chase, Chase & Yakimo, Overland Park, KS, for Defendants.

## MEMORANDUM AND ORDER

VanBEBBER, Chief Judge.

This case has been remanded to this court by the United States Court of Appeals for the Tenth Circuit with instructions to consider granting to plaintiff United Phosphorus Ltd., prejudgment interest on its recovery for claims of trademark infringement, fraudulent trademark registration, and unfair competition against the defendant Midland Fumigant, Inc., and on its fraud claim against the defendant Donald F. Fox.[1] The Court of Appeals also remanded the case with directions to this court to reassess the hourly rate to be awarded to United for its attorneys' fees. The Court of Appeals also awarded the plaintiff its attorneys' fees for time expended to defend in the Court of Appeals the award of attorneys' fees made by this court following trial. In its opinion remanding the case, the Court of Appeals directed this court to determine a reasonable fee to be allowed on that issue.

Also pending before the court is the Motion of Plaintiff United Phosphorus Ltd. for a Supplemental Award of Attorneys' Fees (Doc. 428). This motion seeks an award of attorneys' fees and expenses for work performed by counsel for plaintiff in connection with a number of post-trial motions, as well as for the time expended on plaintiff's claim for attorneys' fees which this court allowed in its Memorandum and Order of August 28, 1998, and which was one of the subjects of the remand by the Court of Appeals.

### Prejudgment Interest

In its opinion remanding the case to this court, *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir.2000), the Court of Appeals noted that it has adopted a preference, if not a presumption, for the allowance of prejudgment interest on federal claims, citing *F.D.I.C. v. UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir.), cert. denied, 525 U.S. 962, 119 S.Ct. 404, 142 L.Ed.2d 328 (1998); *Kleier Advertising, Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1040 (10th Cir. 1990); and *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1254–55 (10th Cir.1988). The court directed that "[o]n remand, the district court should more fully develop its analysis as to the state law claims, and for federal purposes focus on a two-step analysis: (1) whether an award of prejudgment interest would serve to compensate United; and (2) if so, whether equity precludes an award. *Kleier Advertising*, 921 F.2d at 1042 n. 4."

Turning first to the federal claims, I determine that an award of prejudgment interest would serve to compensate United. In fact, such an award is necessary to arrive at full and appropriate compensation. The jury found the amount of damages under the federal law claims to be $761,866.00. United has been deprived of the use of that money since 1989. I conclude that the first step of the analysis has been satisfied.

I further conclude that the equities favor an award of prejudgment interest to United. The defendant Midland knowingly infringed on United's mark, and after it had agreed to cease its infringement violated

---

1. United's recovery against Midland was $761,866.00, and against Fox on the fraud claim was 67,694.03.

the agreement to cease, and continued to sell the product labeled as "Quick–Phos." In addition, as the jury found, the defendant Fox engaged in fraudulent conduct. The second step of the required analysis is satisfied.

■ As to the state law claim of plaintiff, the court concludes that prejudgment interest should be assessed. The state law claim resulted in the jury award of $67,-694.03. This represents the amount of attorneys' fees and expenses United incurred in setting aside the settlement agreement of 1991. Under Kansas law, prejudgment interest is governed by statute. K.S.A. § 16–201. The allowance of prejudgment interest under K.S.A. § 16–201 is a matter of judicial discretion. *Miller v. Botwin*, 258 Kan. 108, 118, 899 P.2d 1004 (1995); *Crawford v. Prudential Ins. Co. of America*, 245 Kan. 724, 737, 783 P.2d 900 (1989). "The general rule in Kansas is that prejudgment interest is allowable on liquidated claims." *Miller*, 258 Kan. at 118, 899 P.2d at 1012. "A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same becomes definitely ascertainable by mathematical computation." *Kilner v. State Farm Mut. Auto. Ins. Co.*, 252 Kan. 675, 686, 847 P.2d 1292 (1993). "The fact that a good faith controversy exists as to whether the party is liable for the money does not preclude a grant of prejudgment interest." *Miller*, 258 Kan. at 118, 899 P.2d at 1012 (citing *Crawford*). The amount of attorneys' fees recoverable under United's fraud claim was due on the date that the settlement was set aside—January 20, 1995, and was, at that time capable of mathematical computation. Prejudgment interest may be recovered on United's state law fraud claim against the defendant Fox.

■ A prejudgment interest rate of 7.5% per annum is adopted for both the federal and state claims. There is no federal statutory rate for prejudgment interest, and for that reason the rate imposed is left to the trial court's discretion. *Kleier Advertising, Inc., v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1042 (10th Cir.1990). In adopting the 7.5% rate, the court has taken into account the 52–week T–Bill table of rates used by the clerk in fixing postjudgment interest. During the period from January 1989 to December 1997, the rates ranged from more than 9% to as low as a little over 3%. The plaintiff in this case is not lending its money to the government, and something above an average of the T–Bill rate appears to the court to be appropriate. A rate of 7.5% will permit plaintiff to receive a fair and equitable return on the funds of which it was deprived. The rate adopted is not an average of the T–Bill rates, nor an endeavor to adopt a weighted average rate. It is one considered by this court to be a fair and equitable rate of return, giving consideration to the rate paid by the United States government on Treasury Bills, as well as to the Kansas statutory rate of 10% per annum fixed as the legal rate by K.S.A. § 16–201.

Exhibit Number 603, which is a computation of the prejudgment interest at the rate of 7.5% made by plaintiff's witness Mark Vianello, a Certified Public Accountant, has been submitted to the court by plaintiff, and it is received and made a part of the record in the case. The exhibit presents a graphic calculation of the prejudgment interest to which Mr. Vianello testified at the hearing concerning the matter on October 10, 2000. The exhibit shows plaintiff's lost opportunity damages from January 1989 through October 1995, to be $376,346.00, and Midland's profits on sales of Quick–Phos during the same period to be $385,520.00. These two elements of damages total $761,866.00, which is the amount of the jury's verdict in favor of United against Midland. The prejudgment interest on those two amounts at 7.5% to October 31, 1995, totals $248,-363.00. The prejudgment interest at 7.5% on $761,866.00 from October 31, 1995, to December 8, 1997, the date of the entry of

judgment in that amount against Midland is $120,229.00. The total prejudgment interest on the judgment against Midland is $368,592.00. The prejudgment interest on the fraud judgment of $67,694.03 against the defendant Fox at 7.5% from January 20, 1995, the date the settlement agreement was set aside, to December 8, 1997, is $14,633.00.

The clerk is directed to enter additional judgment against the defendant Midland as of December 8, 1997, for prejudgment interest in the amount of $368,592.00. The clerk is also directed to enter additional judgment against the defendant Donald Fox as of December 8, 1997, for prejudgment interest in the amount of $14,633.00.

### Attorneys' Fees

■ The Court of Appeals remanded the case for a further determination by the court on the issue of the appropriate hourly rate to be allowed plaintiff for attorneys' fees through the trial of the case. The Court of Appeals observed that this court must award rates compatible with competent, trustworthy evidence of the market in the community. The court went on to direct that this court make "some reference to the evidence presented by the parties as justification for setting the hourly fee." This court has reviewed the submissions of the parties with respect to hourly rates offered in support of plaintiff's original claim for attorneys' fees.

Plaintiff has submitted the declarations of Floyd Finch, lead counsel for plaintiff in the case, and a partner in the Blackwell Sanders firm, and the declaration of David E. Everson, a partner in the Kansas City law firm of Stinson, Mag & Fizzell. Mr. Finch's declaration is that the hourly rates charged by his firm during the period covered by this litigation through trial ranged from $160.00 to $200.00 for partner time;

$105.00 to $135.00 for associate time; $65.00 to $80.00 for paralegal time; and $25.00 for document clerk time. He also stated that those rates are routinely paid by clients of the firm, and that they are consistent with prevailing hourly rates in the Kansas City area. Mr. Everson has practiced law in the Kansas City area since 1978, and has been a partner in his firm since 1981. He states that he has reviewed the rates billed by plaintiff's counsel, and that they are within the norm for private firm attorneys in the area with comparable skill and experience. The court finds the declarations to be credible.

Defendants, in objecting to the rates sought to be allowed, have submitted the results of a survey conducted by the Kansas Bar Association in 1997. The court has reviewed the survey report, and does not find it helpful in determining the appropriate hourly rate to be allowed in this case. The report shows a number of hourly billing rates at various locations in Kansas and the Kansas City area. In the Kansas City area, only 13.5% of the lawyers surveyed in Johnson County, Kansas, responded; in Wyandotte County, Kansas, the response rate was 16.5%; and in Kansas City, Missouri, the response rate was 14.9%. In addition, the results are not specific within geographical areas, nor as to hourly rates of lawyers within those areas. The results deal mainly in mean distributions and distributions by percentiles. The court is unwilling to base its determination of appropriate hourly rates on the KBA survey.

Based upon the declarations of Mr. Finch and Mr. Everson as to the appropriate hourly rate, the court now revises its award of fees to plaintiff according to the following table:

| Staff Member | Hrs Requested | Hrs Awarded | Hourly Rate | TOTAL FEE |
|---|---|---|---|---|
| Faith Brennan (document clerk) | 141.4 | 105.75 | $ 25 | $ 2,643.75 |
| Kathryn B. Bussing (associate) | 142.2 | 106.5 | $122 | $ 12,993.00 |
| Bruce Campbell (partner) | 48.4 | 48 | $150 | $ 7,200.00 |

| | | | | |
|---|---|---|---|---|
| Floyd R. Finch, Jr.(partner) (previous order allowed $150/hour) | 1635.4 | 800 | $186 | $148,800.00 |
| Tara E. Foss (associate) | 349.3 | 263 | $ 95 | $ 24,985.00 |
| Kathryn Griffin (paralegal) (previous order allowed $50/hour) | 72.7 | 54 | $ 80 | $ 4,320.00 |
| William High (associate) | 146.9 | 110.25 | $106 | $ 11,686.50 |
| Tessa Jacob (associate) | 284.8 | 213 | $118 | $ 25,134.00 |
| Hibberd V. Kline (associate) (previous order allowed $125/hour) | 140.4 | 105 | $136 | $ 14,280.00 |
| Robert E. Marsh (partner) | 110.2 | 83 | $117 | $ 9,711.00 |
| Shelley Runion (associate) (previous order allowed $125/hour) | 948.7 | 800 | $142 | $113,600.00 |
| Paul C. Stock (paralegal) (previous order allowed $50/hour) | 254.6 | 191 | $ 80 | $ 15,280.00 |
| Peter L. Sumners (associate) | 78.8 | 58.5 | $ 95 | $ 5,557.50 |
| Janice (Webb) Fox (paralegal) (previous order allowed $50/hour) | 1400.4 | 800 | $ 80 | $ 64,000.00 |
| **TOTALS** | 5754.2 | 3738 | | $460,190.75 |

In the previous order the court subtracted twenty percent of what is now the $460,190.75 figure ($92,038.15) for time expended on claims to which plaintiff had no right to recover an attorney fee under 15 U.S.C. § 1117(a). Accordingly, plaintiff is awarded $368,152.60, and shall have judgment against Midland for attorneys' fees in that amount. The result is an increase of $59,924.00 in the amount of the judgment for attorneys' fees previously allowed.

### Attorneys' Fees on Appeal

■ As previously noted, the Court of Appeals remanded to this court the issue of the amount of to be allowed to plaintiff for its attorneys' fees in defending in the Court of Appeals the award of attorneys' fees made by this court up to and including trial. In its memorandum in support of the claim for attorneys fees (Doc. 451), plaintiff's counsel claims 14.60 hours. The claim is supported by time records of counsel. The court finds that 14.60 hours is a reasonable expenditure of time on the issue, and allows plaintiff's counsel that number of hours.

Counsel request an hourly rate of $160.00 per hour for the services of Shelley A. Runion, a partner with ten years experience in the Blackwell Sanders firm, and an hourly rate of $270.00 per hour for Floyd R. Finch, Jr. The request is supported by the declarations of Mr. Finch, Ms. Runion, Curtis E. Woods, a partner in the firm of Sonnenschein Nath & Rosenthal, and David E. Everson, a partner in the firm of Stinson, Mag & Fizzell.

Mr. Finch, in his declaration, states that during the applicable time period the hourly rates of Blackwell Sanders ranged from $160.00 to $275.00 for partner time, and Ms. Runion's declaration states the same rates. Mr. Woods' declaration states that he routinely charges $220.00 to $230.00 for his services. The court assumes that he is referring to charges made by him in the Kansas City area. Mr. Everson speaks in terms of from $200.00 to $220.00 per hour for attorneys who practice in the area of business litigation in Kansas City. The court prefers to place greater weight on the declarations of the attorneys from outside Blackwell Sanders.

The defendants have offered the same evidence in opposition to the claim for attorneys' fees on appeal as they did in opposition to the hourly rates claimed in this litigation at the trial court level. For the reasons discussed above, the court is not persuaded by that material. Based upon the evidence before the court, I find that a reasonable hourly rate to be allowed for the services of Ms. Runion is $160.00 and for Mr. Finch is $230.00. Mr. Finch

claims four hours, which computes to a fee of $920.00, and Ms. Runion claims 10.6 hours, which computes to a fee of $1,696.00. The total fee allowed for services on appeal as directed by the Court of Appeals is $2,616.00. The clerk is directed to enter the sum of $2,616.00 as additional judgment in favor of plaintiff against the defendant Midland.

## Motion of Plaintiff United Phosphorus Ltd. for a Supplemental

### Award of Attorneys' Fees

■ This motion seeks an award of attorneys' fees for work performed by counsel for plaintiff in preparing the following: a memorandum in opposition to defendants' motion for judgment as a matter of law or in the alternative for a new trial; plaintiff's motion for attorneys' fees; a response and brief opposing defendant's motion for reconsideration of this court's order awarding attorneys' fees; a response and brief in opposition to defendant's motion for a stay of execution of the judgment; and plaintiff's motion for a temporary stay following the filing of the bankruptcy petition of the defendant Donald Fox. In addition, the motion seeks the recovery of certain expenses. The defendants have responded to the motion, and have objected to all but one of the claims for an award of fees and expenses.

This court, in its Memorandum and Order of August 28, 1998, has determined that this is an "exceptional case" which entitles plaintiff to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), including fees incurred in connection with post-trial motions and briefing. The reasonable fee may also include an award for work performed in presenting and preparing the fee application. *Case v. Unified School District No. 233*, 157 F.3d 1243, 1254 (10th Cir.1998); *Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir.1994).

As this court has previously explained, the determination of what constitutes a reasonable attorney fee involves a two-step process. First, the court must ascertain the number of hours reasonably expended by plaintiffs' attorneys over the course of the litigation and multiply it by a reasonable hourly rate. See *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This figure is frequently referred to as the "lodestar." See *City of Riverside v. Rivera*, 477 U.S. 561, 568, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Second, the court must consider whether an adjustment should be made to the lodestar. *Id.*

The reasonable hourly rate is established by looking to the prevailing rates of local attorneys of comparable skill and experience in the subject matter of the litigation. See *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). Various hourly rates have been requested to be allowed for plaintiff's attorneys.

The request is for an allowance of attorneys' fees for one of the partners in the Blackwell Sanders firm, as well as for three lawyers who are associates, and for a paralegal. The hourly rate requested for Floyd R. Finch, Jr., a partner in the firm, is $200.00 per hour for services performed in 1997, and $220.00 per hour for services performed in 1998. The requested rate for Shelley A. Runion, an associate in the firm, is $135.00 per hour for services performed in 1997, and $140.00 per hour for services performed in 1998. For Tara E. Foss, an associate in the firm, the request is $95.00 per hour for 1997 services, and $105.00 per hour for 1998 services. Plaintiff requests $105.00 per hour for the services of Lori J. Curcio, an associate in the firm. Finally, an allowance of $80.00 per hour is requested for Janice Fox, a paralegal. The court is unable to determine from the billing submissions of plaintiff's counsel exactly which services were performed in 1997, and which services were performed in 1998. Consequently, the court will allow the following average hourly rates: for Mr. Finch, $210.00 per hour; for Ms. Runion, $137.50 per hour; for Ms. Foss, $100.00 per hour; for Ms. Curcio,

$105.00 per hour; and for Ms. Fox, $80.00 per hour.

The hourly rates requested by plaintiff are supported by declarations which are attached to the memorandum in support of the fee requests. The declarations include those of Mr. Finch and Ms. Runion. In addition, there is a declaration by J. Nick Badgerow, a partner in the Kansas City firm of Spencer Fane Britt & Brown. Mr. Badgerow states that he charges $230.00 per hour for his services and further states that reasonable fees for a lawyer of Mr. Finch's experience are in the range of from $200.00 to $220.00 per hour, and for Ms. Runion in the range of from $135.00 to $140.00 per hour. Also filed with the memorandum is the declaration of Curtis E. Woods, a partner in the Kansas City office of Sonnenschein Nath & Rosenthal. Mr. Woods states that he charges from $220.00 to $230.00 per hour for his services. In addition, the Sonnenschein firm bills for the services of associates from $97.00 to $102.00 per hour for first-year associates, and from $148.00 to $156.00 per hour for sixth-year associates. The firm bills for the services of paralegals at a rate of from $67.00 to $80.00 per hour. Also filed with the memorandum is the declaration of Timothy K. McNamara, a partner in the Kansas City firm of Lathrop & Gage, who states that he charges at the rate of $200.00 per hour. Finally, there is attached the declaration of David E. Everson, a partner in the Kansas City firm of Stinson, Mag & Fizzell. Mr. Everson states that he bills at the rate of $260.00 per hour for his services. Based upon the declarations, which the court finds to be credible, the court concludes that the hourly rates assigned to the Blackwell Sanders firm personnel are reasonable and consistent with charges and billings in the Kansas City metropolitan area.

Having determined the reasonable hourly rate to be allowed for the services of the Blackwell Sanders attorneys and paralegal, the court will turn next to the number of hours to be allowed for various services

provided by the firm. The court will first consider the work undertaken and performed in connection with the plaintiff's memorandum in opposition to the motion filed by the defendants for judgment as a matter of law, or in the alternative for a new trial. Plaintiff successfully resisted defendants' motion as it related to the trademark infringement and unfair competition claims of plaintiff. Plaintiff acknowledges that it is not entitled to attorneys' fees relating to arguments related to plaintiff's fraud claim. Counsel billed plaintiff for 190 hours of services, but deleted 87.5 hours, and makes a final request for a total of 102.5 hours in connection with the motion. Presumably, the deletions were because of the court's determination in its August 28, 1998, Memorandum and Order that plaintiff was not entitled to attorneys' fees relating to the fraud claims. The court finds that the hours requested for the billings of personnel who performed services in connection with the motion are reasonable. Allowances are made as follows: For Floyd Finch, 4.5 hours at $210.00 per hour, an allowance of $945.00; for Shelley Runion, 57.2 hours at $137.50 per hour, an allowance of $7,865.00; for Tara Foss, 17.4 hours at $100.00 per hour, an allowance of $1,740.00; for Lori Curcio, 10.9 hours at $105.00 per hour, an allowance of $1,144.50; and for Janice Fox, an allowance of $872.00. The total allowance for services on the opposition to the post-trial motion is $12,562.50.

The court turns next to the request of plaintiff for an allowance of attorneys' fees for work in preparing its motion for attorneys' fees for services provided through trial. The court notes that plaintiff was allowed attorneys' fees, and that the allowance made by this court is, at least in part, the subject of the remand from the Court of Appeals. Plaintiff is requesting an allowance of more than 300 hours spent on work in preparing the original motion for an allowance of attorneys' fees. The court concludes that this request is for an excessive number of hours. The court is of the

opinion that the hours requested are in a substantial way the result of problems created by plaintiff's counsel's methods of record keeping and billing. In the original motion for attorneys' fees, plaintiff's counsel failed to submit a request for fees that could be understood by the court. In connection with that, the court directed plaintiff's counsel to document the request more fully, but still there were problems for the court in determining the appropriate number of hours to be allowed. Consequently, the court intends to reduce the number of hours requested. Floyd Finch will be allowed 16.6 hours at $210.00 per hour, an allowance of $3,486.00; Tara Foss will be allowed 39.125 hours at $100.00 per hour, an allowance of $3,912.50; and Janice Fox will be allowed 31.125 hours at $80.00 per hour, for an allowance of $2,490.00. The total allowed for services in connection with plaintiff's motion for attorneys' fees is $9,888.50.

Next, the court will consider services for work done in opposition to defendant's motion for reconsideration of the court's original attorneys' fee allowance. The hours requested by counsel and a paralegal appear to the court to be reasonable, and the following allowances are made for these services: Floyd Finch, 2 hours at $210.00 per hour, for an allowance of $420.00; Shelley Runion, 23.7 hours at $137.50 per hour, for an allowance of $3,258.75; and Janice Fox, 4.9 hours at $80.00 per hour, for an allowance of $392.00. The total allowance made for the services on the motion for reconsideration is $4,070.75.

The court next considers plaintiff's request for attorneys' fees in connection with the opposition to the defendant's motion for a stay of execution of the judgment in the case. Plaintiff opposed the motion for a stay of execution and claims fees of $1,987.00 for services. The plaintiff's opposition was successful, and an allowance in the amount of $1,987.00 is made for those services. The court notes that the defendants do not in their response contest that amount claimed.

Finally, the plaintiff seeks an allowance of $204.00 in connection with the filing of a motion for a temporary stay resulting from the bankruptcy filing of Donald Fox. An allowance is made in that amount.

When the amounts allowed in the preceding paragraphs are totaled, the result is an allowance of attorneys' fees for the services described in the amount of $28,-712.75. This is in addition to the attorneys' fees previously allowed to plaintiff in this case. In addition to the attorneys' fees, plaintiff requests an additional allowance for expenses consisting of computerized legal research of $1,242.04; long distance telephone, $12.93; postage, $19.15; and delivery/courier expenses, $124.35. These expenses total $1,398.47, and when added to the additional attorneys' fees, the total of additional attorneys' fees and expenses is $30,111.22. Plaintiff's motion for a supplemental allowance of attorneys' fees is granted to that extent, and the clerk is directed to enter an additional judgment in favor of plaintiff and against Midland Fumigant, Inc. in that amount.

### Conclusion

This order resolves all of the matters which the clerk shows as pending motions in the case. They are: Document 428, the motion by United for a supplemental award of attorneys' fees; Document 450, United's memorandum seeking an order of the court on prejudgment interest and attorneys' fees; and Document 460, a motion by United to enforce attorneys' fees judgment, which is rendered moot by this order.

IT IS, THEREFORE, BY THE COURT ORDERED that the clerk enter additional judgment against the defendant Midland as of December 8, 1997, for prejudgment interest in the amount of $368,-592.00.

IT IS BY THE COURT FURTHER ORDERED that the clerk also enter additional judgment against the defendant Donald Fox as of December 8, 1997, for

prejudgment interest in the amount of $14,633.00.

IT IS BY THE COURT FURTHER ORDERED that the clerk enter judgment against the defendant Midland Fumigant, Inc., for attorneys' fees in the additional amount of $59,924.00.

IT IS BY THE COURT FURTHER ORDERED that the clerk enter judgment against the defendant Midland Fumigant, Inc., for attorneys' fees on appeal in the amount of $2,616.00.

IT IS BY THE COURT FURTHER ORDERED that pursuant to the partial grant of the Motion of Plaintiff United Phosphorus Ltd. for a Supplemental Award of Attorneys' Fees (Doc. 428), the clerk enter judgment against the defendant Midland Fumigant, Inc., for post-trial attorneys' fees and expenses in the amount of $30,111.22.

**IT IS SO ORDERED.**